UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

TASHAYLA NICOLE CAMERON,

                Petitioner,

                                          Civil No. 2:19cv691
v.                                   Criminal No. 2:18cr8

UNITED STATES OF AMERICA,

                Respondent.

## OPINION AND ORDER

This matter is before the Court on Tashayla Nichole Cameron's ("Petitioner") pro se motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 69. The Government filed a brief in opposition to Petitioner's motion, ECF No. 74, and Petitioner has not filed a reply. For the reasons set forth below, Petitioner's § 2255 motion is **DISMISSED AND DENIED.**

### I. FACTUAL AND PROCEDURAL HISTORY

On March 5, 2018, Petitioner pled guilty, pursuant to a written plea agreement, to one count of Possessing Ammunition by a Convicted Felon, in violation of Title 18 United States Code § 922(g)(1). ECF No. 30. On August 2, 2018, Petitioner was sentenced to twenty-four (24) months imprisonment followed by three (3) years of supervised release. ECF No. 58. Petitioner did not file a direct appeal.

Petitioner began her federal habeas efforts by filing a "motion requesting acquittal," ECF No. 65, which Petitioner later

elected to "reclassify" as a § 2255 motion, ECF No. 67.  Petitioner thereafter submitted a § 2255 motion on the standardized § 2255 form for use by pro se litigants.  ECF No. 69.  Petitioner's motion and earlier filing advance two claims: (1) that her § 922(g) conviction is invalid pursuant to Rehaif v. United States, 139 S. Ct. 2191 (2019); and (2) that her counsel rendered ineffective assistance for failing to raise a Rehaif-like claim.  After obtaining a briefing extension, the Government filed a brief in opposition conceding that Petitioner's § 2255 motion is timely due to retroactivity principles.  ECF Nos. 70-71, 74.  The Government, however, opposes Petitioner's motion on procedural and substantive grounds, with Petitioner offering no response to the Government's opposition.[1]  ECF No. 74.

## II. STANDARD OF REVIEW

A federal prisoner, in custody, may collaterally attack her sentence or conviction by moving the district court "to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  To obtain such relief, a petitioner must prove by a preponderance of the evidence that her sentence or conviction was "imposed in violation of the Constitution or laws of the United States," that the district court "was without jurisdiction to impose such sentence," that the sentence exceeds "the maximum authorized by law," or that the

---

[1] Petitioner has been released from incarceration; however, she is currently serving a term of Supervised Release and the Government acknowledges that Petitioner's habeas motion remains ripe for consideration.

sentence or conviction is "otherwise subject to collateral attack." Id.; Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). Because a § 2255 motion "is ordinarily presented to the judge who presided at the original conviction and sentencing . . . the judge's recollection of the events at issue" may inform the resolution of the motion. Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

A § 2255 motion is, in essence, a statutory federal habeas corpus action that enables a petitioner to collaterally attack her sentence or conviction through the filing of a new proceeding, as contrasted with a direct appeal. United States v. Hadden, 475 F.3d 652, 663 (4th Cir. 2007). The existence of the right to pursue a collateral attack does not displace a direct appeal as the "usual and customary method of correcting trial errors." United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999). On the contrary, with limited exceptions, a petitioner advancing new claims asserted for the first time in a § 2255 motion "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982).

The "higher hurdle" applies because, once a petitioner's opportunity to pursue a direct appeal has been waived or exhausted, there is "a final judgment [that] commands respect." Id. at 165-66. Accordingly, the doctrine of procedural default generally prevents a district court from reaching the merits of § 2255 claims that could have been raised on direct appeal unless a petitioner

can show: (1) "cause" excusing the failure to directly appeal such alleged errors; and (2) "actual prejudice resulting from the errors of which [s]he complains." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999).  Alternatively, a Petitioner may overcome her default by demonstrating a "miscarriage of justice" through demonstrating "actual innocence by clear and convincing evidence."  Id.

"The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010) (quoting Mikalajunas, 186 F.3d at 493).  As for prejudice, it is not enough for a petitioner to demonstrate "a possibility of prejudice," but rather, she must show that errors "worked to h[er] actual and substantial disadvantage," infecting the entire criminal proceeding with an "error of constitutional dimensions."  Frady, 456 U.S. at 170.

A § 2255 petitioner need not overcome the procedural default bar to advance a freestanding claim of ineffective assistance of counsel, which is properly asserted for the first time in a § 2255 motion.  See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) ("[I]t is well settled that 'a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.'" (quoting United States v. Williams, 977

F.2d 866, 871 (4th Cir. 1992))).  To obtain relief based on an allegation of ineffective assistance, a petitioner must establish both: (1) that counsel's performance was so deficient that it fell below an objective standard of reasonableness; and (2) that counsel's inadequate performance resulted in prejudice to the petitioner.  Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Conclusory statements are insufficient to carry a petitioner's burden.  See United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court.") (quotation marks and citation omitted).

Satisfying the first prong of Strickland requires a showing that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Reviewing courts strongly presume that counsel exercised reasonable professional judgment, and only in "relatively rare situations" will a § 2255 motion establish that, "'in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.'"  Tice v. Johnson, 647 F.3d 87, 102 (4th Cir. 2011) (quoting Strickland, 466 U.S. at 690).

The second prong of Strickland requires a petitioner to "affirmatively prove prejudice," which requires a showing that "there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different."   Strickland, 466 U.S. at 693-94.   "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.  The prejudice prong is slightly modified where, as here, a petitioner challenges a conviction entered after a guilty plea; in such circumstances, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial."   Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988) (quotation marks and citation omitted).

### III. DISCUSSION

Petitioner's § 2255 motion advances two claims: (1) a direct attack on the validity of her conviction pursuant to Rehaif; and (2) an ineffective assistance of counsel claim predicated on defense counsel's failure to advance a Rehaif-like challenge to Petitioner's § 922(g) felon in possession charge.  In Rehaif, the Supreme Court interpreted the statutory language in 18 U.S.C. § 922(g) to require the Government to "prove both that the defendant knew [s]he possessed a firearm [or ammunition] and that [s]he knew [s]he belonged to the relevant category of persons barred from possessing a firearm [or ammunition]."  Rehaif, 139 S. Ct. at 2200. Requiring proof of the latter mens rea element was a newly recognized element of the offense established by the Supreme Court in Rehaif.

6

## A. Direct Claim under Rehaif

Petitioner's Rehaif claim is based on the fact that the Court

failed to inform her, at the time of her guilty plea, that she

could not be convicted of the § 922(g) felon in possession offense

unless the Government proved that she knew she was a prohibited

person (i.e., a felon).   The Fourth Circuit's opinion in United

States v. Gary, 954 F.3d 194 (4th Cir. 2020), rev'd sub nom. Greer

v. United States, 141 S. Ct. 2090 (June 14, 2021), supported

Petitioner's position, holding that failure to properly advise a

defendant of the mens rea element is a "structural error" subject

to reversal without a showing of prejudice.   Id. at 207-08.

However, the Supreme Court recently reversed Gary, finding that:

> [D]iscrete defects in the criminal process—such as the
> omission of a single element from jury instructions or
> the omission of a required warning from a Rule 11 plea
> colloquy—are not structural because they do not
> necessarily render a criminal trial fundamentally unfair
> or an unreliable vehicle for determining guilt or
> innocence. . . . A Rehaif error in jury instructions is
> therefore not structural. And it follows that a Rehaif
> error in a plea colloquy is likewise not structural.
> The omission of that mens rea element from a plea
> colloquy—like the omission of that mens rea element from
> jury instructions—does not affect the entire framework
> within which the proceeding occurs. . . .   In short,
> Rehaif errors fit comfortably within the "general rule"
> that a constitutional error does not automatically
> require reversal of a conviction. Rather, a defendant
> such as Gary must satisfy the ordinary plain-error test.

Greer, 141 S. Ct. at 2100 (quotation marks and citations omitted).

As argued in detail in the Government's brief in opposition,

Petitioner's direct challenge to her conviction under Rehaif is

7

"procedurally defaulted" because it was not raised in this Court, or raised on direct appeal. As noted above, Petitioner can overcome such default by demonstrating actual innocence by clear and convincing evidence, or alternatively, by demonstrating "cause" and "actual prejudice." Mikalajunas, 186 F.3d at 492-93.

First, Petitioner fails to demonstrate actual innocence, which requires her to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted h[er]." Bousley v. United States, 523 U.S. 614, 623 (1988) (quotation marks and citation omitted). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency," and the government is permitted to supplement the record with additional evidence of guilt, to include evidence demonstrating that "the Government has forgone more serious charges in the course of plea bargaining." Id. at 623-24. Here, Petitioner does not present any evidence or even allege any facts that would support a claim of actual innocence,[2] and the record demonstrates that the Government dismissed more serious charges in exchange for her guilty plea. Furthermore, the Government provided evidence in response to Petitioner's § 2255 motion that indicates on its face that Petitioner knew from state court probation documents that she

---

[2] Petitioner's initial filing indicates that her § 922(g) conviction was predicated "on misdemeanors," ECF No. 65, at 3, but this is both factually inaccurate, see ECF No. 74-1, and casts some doubt on whether Petitioner's § 2255 motion actually challenges whether she had the requisite mental state at the time she committed her federal crime.

was a felon, ECF No. 74-1, and Petitioner offers no challenge to such evidence through a reply brief or other responsive submission.

Second, Petitioner fails to demonstrate cause and prejudice for her default under the standard articulated in Mikalajunas, 186 F.3d at 492-93.  It is unclear which theory, if any, Petitioner proceeds under to overcome her procedural default because she did not file a reply brief.  However, to the extent she might seek to establish "cause" by relying on allegations that defense counsel provided deficient performance, Petitioner fails to demonstrate a performance error that rose to the level of a constitutional violation (as addressed below in Part III.B).  To the extent Petitioner could conceivably establish "cause" by relying on the unadvanced contention that a Rehaif claim was "so novel that its legal basis [wa]s not reasonably available to counsel," Bousley, 523 U.S. at 622, such standard does not appear to be satisfied for a Rehaif claim as of August of 2018-the month that Petitioner was found guilty, sentenced, and elected not to appeal-because the Eleventh Circuit had recently denied just such a claim in Rehaif in a published opinion issued in March of 2018.  United States v. Rehaif, 888 F.3d 1138, 1143 (11th Cir. 2018), rev'd and remanded, 139 S. Ct. 2191 (2019).  Accordingly, while a Rehaif claim would have likely been "futile" in this Circuit at the time Petitioner pled guilty and was sentenced based on the existence of contrary controlling law, see United States v. Langley, 62 F.3d 602, 605

9

(4th Cir. 1995), it does not appear to have been "so novel" at that time so as to excuse Petitioner's default.  See United States v. Claytor, No. 7:15cr70, 2021 WL 62272, at *3 (W.D. Va. Jan. 7, 2021) (collecting cases rejecting "the novelty argument"); but see Merritt v. United States, 499 F. Supp. 3d 249, 258 (E.D. Va. 2020) (finding the claim novel in a case where the petitioner pled guilty in 2010, but concluding that the petitioner failed to demonstrate prejudice).

This Court need not resolve the question of novelty, however, because even assuming that a Rehaif claim was sufficiently "novel" in mid-2018 to constitute "cause," Petitioner fails to demonstrate "prejudice," with nothing in the record suggesting that there was a reasonable probability that Petitioner would have proceeded to trial and risk conviction on drug conspiracy charges in order to challenge whether she knew she was a felon.  See Merritt, 499 F. Supp. 3d at 259 ("When raising a forfeited attack on a guilty plea, a defendant can only demonstrate that an error affected h[er] substantial rights or establish prejudice on collateral review by 'show[ing] a reasonable probability that, but for the error, [s]he would not have entered the plea.'" United States v. Dominguez Benitez, 542 U.S. 74, 76 (2004))).[3]  Notably, Petitioner does not

---

[3] Even before Gary was reversed by the Supreme Court, multiple district judges in this Circuit found that the prejudice standard articulated in Gary, which involved a direct appeal, was not applicable when determining whether a § 2255 petitioner could overcome her procedural default.  See, e.g., Claytor, 2021 WL 62272, at *5 (collecting cases).

challenge the Government's exhibit establishing that Petitioner signed her state-court "conditions of probation" in 2014 expressly acknowledging that she read the entire probation document "and/or had [it] read and explained" to her, ECF No. 74-1, at 2. The first page of such document establishes that Petitioner was convicted of four different state crimes, including "Grand Larceny," for which she received <u>a 2-year sentence, with one year and 11 months suspended</u>, demonstrating that her offense satisfies the federal felony requirement as it is "punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). The fact that in 2015, Petitioner had her state-court probation revoked and her sentence of two years' incarceration on the Grand Larceny charge, and related charges, "resuspended" upon ten years good behavior only further undercuts any notion that Petitioner was somehow unaware that her prior crimes were punishable by a term of incarceration exceeding one year. ECF No. 60 ¶ 27. Finally, as highlighted by the Government, the "Statement of Facts" that Petitioner signed in this case includes a stipulation indicating that Petitioner committed her federal offense "knowingly with <u>the specific intent to violate the law</u>," ECF No. 31 ¶ 9 (emphasis added), which further reveals that Petitioner knew she fell within the class of individuals prohibited from possessing ammunition. See <u>Merritt</u>, 499 F. Supp. 3d at 262 (discussing an earlier case where the district court denied a § 2255 <u>Rehaif</u> claim because the

11

petitioner agreed in his Statement of Facts that his acts violating § 922(g) were committed "willfully and knowingly with the specific intent to violate the law").

In light of such evidence, and in the absence of any new evidence or even an unsworn proffer suggesting that Petitioner lacked knowledge of her prohibited status at the time she possessed the ammunition, Petitioner fails to demonstrate that there is a "reasonable probability" that she would have proceeded to trial if she had been instructed of the mens rea requirement. See Greer, 141 S. Ct. at 2097 (explaining that if a defendant does not argue or make the representation that "[s]he would have presented evidence in the district court [indicating] that [s]he did not in fact know [s]he was a felon when [s]he possessed firearms" then the "court will have no reason to believe that the defendant would have presented such evidence to a jury," and absent such a claim, a defendant "cannot show that, but for the Rehaif error during the plea colloquy, there is a reasonable probability that [s]he would have gone to trial rather than plead guilty"). Accordingly, Petitioner's first § 2255 claim is **DISMISSED AND DENIED** as procedurally defaulted. See id. at 2095 ("As many courts have recognized and as common sense suggests, individuals who are convicted felons ordinarily know that they are convicted felons."); Cherry v. United States, No. 2:17cr145, 2020 WL 6480921, at *2 (E.D. Va. Nov. 4, 2020) (noting that "[d]emonstrating prejudice

12

under <u>Rehaif</u> will be difficult for most convicted felons" because "[c]onvicted felons typically know" both that they are in fact felons and that "the Government would have little trouble proving" that they know they are felons (quoting <u>United States v. Lavalais</u>, 960 F.3d 180, 184 (5th Cir. 2020))).[4]

## B. Ineffective Assistance

Petitioner separately argues that defense counsel was ineffective for failing to "reasonably know that [Petitioner] could not be convicted of charges as outlined in the indictment" and for failing to file a motion seeking acquittal. ECF No. 69, at 7. It is unclear whether such challenge asserts that trial counsel was ineffective for allowing Petitioner to plead guilty or for failing to file an appeal after her conviction. However, regardless of the

---

[4] Even if Petitioner's <u>Rehaif</u> challenge was procedurally proper, such claim fails on the merits for largely the same reasons discussed above, with the record revealing that the instructional error was harmless. As described above, the only "new" evidence/argument before the Court supports a finding that Petitioner knew she was a felon, which supports Petitioner's decision to enter a plea of guilty to a single § 922(g) charge, a plea that resulted in: (1) a Guideline credit for acceptance of responsibility; (2) a downward variance predicated in part on Petitioner's remorse; and (3) a sentence of only two years' incarceration. Petitioner's entry of a guilty plea on a § 922(g) offense that she was in fact guilty of committing helped her avoid a conviction on multiple drug trafficking offenses that were dismissed as part of her plea agreement, including offenses with a maximum term of twenty years imprisonment. The objective reasonableness of Petitioner's decision to plead guilty remains sound on this habeas record, with Petitioner acknowledging in her Statement of Facts that she was in fact guilty of <u>trafficking in cocaine base and marijuana</u> and of maintaining a drug premises. <u>See</u> <u>United States v. Fugit</u>, 703 F.3d 248, 260 (4th Cir. 2012) (indicating that the operative question is whether proceeding to trial would have been "objectively reasonable in light of all of the facts"); <u>see also</u> <u>Greer</u>, 141 S. Ct. at 2097 ("[I]f a defendant was in fact a felon, it will be difficult for [her to show] . . . a 'reasonable probability' that, but for the <u>Rehaif</u> error, the outcome of the district court proceedings would have been different.").

precise nature of this claim, Petitioner fails to demonstrate constitutionally deficient performance or resulting prejudice, thus failing to satisfy either prong of the Strickland test.

First, at the time of counsel's challenged conduct, "controlling Fourth Circuit precedent held that a defendant's knowledge of h[er] relevant status was not an element of an offense under § 922(g)(1)," and counsel's failure to predict "a change in the controlling law does not constitute deficient performance under Strickland." United States v. Hilliard, No. 3:17cr44, 2021 WL 2369400, at *7 n.13 (E.D. Va. June 9, 2021) (citing United States v. Morris, 917 F.3d 818, 823 (4th Cir. 2019)).  Second, for reasons already discussed above, Petitioner fails to demonstrate prejudice because, in light of Greer, Petitioner's § 2255 motion and related filing do not demonstrate a "reasonable probability" that the result of the proceeding would have been different had counsel identified this issue at the plea stage or during the appeal period.[5]  On these facts, Petitioner's ineffective assistance claim is **DENIED.**

### IV. CONCLUSION

For the reasons stated above, Petitioner's first § 2255 claim is **DISMISSED AND DENIED** as procedurally defaulted and her second

---

[5] Petitioner's abbreviated ineffective assistance claim does not assert that she was unaware of her status, but rather, vaguely asserts that Petitioner could not be convicted of a § 922(g) offense.  Such claim fails to demonstrate that relief is proper or that further discovery is warranted.

14

claim is **DENIED on the merits**.   Finding that the procedural basis

for the dismissal of Petitioner's defaulted claim is not debatable,

and separately finding that Petitioner has not made a "substantial

showing of the denial of a constitutional right," a certificate of

appealability  as  to  her  §  2255  motion  is  **DENIED**.    28  U.S.C.

§ 2253(c); see R. Gov. § 2255 Proc. for U.S. Dist. Cts. 11(a);

Miller-El  v.  Cockrell,  537  U.S.  322,  335-38  (2003);  Slack  v.

McDaniel, 529 U.S. 473, 483-85 (2000).

Petitioner  is  **ADVISED**  that  because  a  certificate  of

appealability is denied by this Court, she may seek a certificate

from  the  United  States  Court  of  Appeals  for  the  Fourth  Circuit.

Fed. R. App. P. 22(b); Rules Gov. § 2255 Proc. for U.S. Dist. Cts.

11(a).  If Petitioner intends to seek a certificate of appealability

from the Fourth Circuit, she must do so **within sixty (60) days** from

the date of this Opinion and Order.   Petitioner may seek such a

certificate by filing a written notice of appeal with the Clerk of

the  United  States  District  Court,  United  States  Courthouse,  600

Granby Street, Norfolk, Virginia 23510.

The Clerk is **DIRECTED** to forward a copy of this Opinion and

Order to Petitioner and counsel of record for the Government.

**IT IS SO ORDERED**.

/s/ _____

Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
September __3__ , 2021

15